IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ELVIS DEAN ROBERTS, | § | |
| (TDCJ No. 1289838) | § | |
| | § | |
| V. | § | CIVIL ACTION NO.7:12-CV-211-O-KA |
| | § | |
| JERRY REVELL, et al. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATIONS

Before the Court are Defendants' Motions for Judgment on the Pleadings (ECF Nos. 71 and 72) raising the issue of the application of the statute of limitations to Plaintiff's 42 U.S.C. §1983 causes of action for monetary damages to compensate for the pain he claims was caused by the Defendants' indifference to his medical needs for wide boots or shoes. Plaintiff Roberts has been afforded sixty-nine (69) days[1] in which to respond to Defendants' motions, but has failed to do so.

Nature of Roberts' Claims

Roberts makes claims against three defendants; Mary Robertson, Joseph Eastridge and James Norwood. His essential claim against Mary Robertson is that she took away his size 10½ EEE boots because of a job change reassignment to a medical squad that did not "turn out for work." And she did not later give them back even though the absence of the boots caused him pain in his back. His essential claim against Physician Assistant Eastridge is that he refused to reassign Roberts back to a prison job that would authorize the issuance of work boots for Roberts. Instead he left Roberts with the standard prisoner-issue "low quarters" shoes. Roberts also claims that in retaliation for his making a fuss about the boots Eastridge refused to issue to Roberts a KOP[2] to permit him to keep a supply of

---

[1] From 12-31-15 to date of this order.

[2] KOP=Keep On Person.

1

a pain medication ( ibuprofen ) on his person instead of having to periodically go to the "pill window" for it. Roberts' essential claim against Norwood is that as a medical administrator of the medical unit at the prison Norwood denied Roberts' grievances against Robertson and Eastridge. Because of those denials, Roberts claims that Norwood perpetuated the denial of boots to Roberts and the continuation of his consequent back pain.

Claim Analysis

Following Roberts' response (ECF 9) to the court's questionnaire (ECF 8), the court directed that citation issue against the defendants. The defendants filed their answers (ECF Nos. 23, 33 and 53). None of the answers raised any issue regarding the application of the statute of limitations to Roberts' claims. However, prior to the expiration of the dispositive motion deadline established by the Court's order,[3] each of the defendants filed a Motion for Judgment on the Pleadings, each asserting right to relief under Rule 12(c). While the application of a statute of limitations to a personal injury cause of action is an affirmative defense that must be asserted by a defendant's answer and is seldom determined apart from motion for summary judgment, it may properly be raised by a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012)*; see also Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. Feb. 28, 2013) ("Dismissing a case on the basis of an affirmative defense is properly done under Rule12(c), not Rule 12(b)."); *S.C. Johnson & Son, Inc. v. Transport Corp. of America, Inc.*, 697 F.3d 544 (7th Cir. 2012) ("Preemption is an affirmative defense, we note, and thus the more appropriate motion would have been one under Rule 12(c); plaintiffs have no duty to anticipate affirmative defenses..." Or it may be asserted by motion to dismiss under Rule 12 (b)(6). *See Cochran v. Astrue*,

---

[3] Scheduling Order (ECF 49).

2011 U.S. Dist. LEXIS 132730 (N.D. Tex. 2011, J. Fitzwater) citing *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986) and *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973).

As to the circumstances under which a federal court may determine whether a §1983 claim is barred by limitations, the Fifth Circuit answered in *Hernandez v. Tisdale*, 548 Fed. Appx 198 (2013) that where the face of Plaintiff's pleadings established the expiration of limitations period the court can dismiss on *in forma pauperis* (IFP) review on the basis of frivolousness under 28 U.S.C. §1915(e). Roberts proceeds herein IFP thereby subjecting his claims to review under 28 U.S.C. § 1915(e) or § 1915A. Whether proceeding pursuant to a motion for judgment on the pleadings brought under Rule 12(c) or incident to a determination under 28 U.S.C. § 1915A or § 1915(e) the standard for review is the same. *See Hall v. Hodgkins*, 305 Fed. Appx 224 (5th Cir. 2008)("Thus, an affirmative defense may serve as the proper basis for a motion to dismiss for failure to state a claim so long as the district court considers only those pleaded and judicially noticed facts that are not 'outside the pleadings' according to Rule 12(d)") and *Conroy v. Rider*, 575 Fed. Appx. 509 (5th Cir. 2014)(a statute of limitations dismissal pursuant to § 1915A.

<u>Applicable Statute of Limitations</u>

In *Wilson v. Garcia*, 471 U.S. 261 (1985) the Supreme Court characterized §1983 litigation as a claim for personal injuries that is governed by the state statutes of limitations. On the basis of this characterization, the federal courts in each state must select "the most appropriate statute of limitations for all § 1983 claims." *Id*. at 275.  In Texas, the pertinent limitations period is two years as provided in Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also Flores v. Cameron County*, 92 F.3d 258, 271 (5th Cir. 1996) wherein the court stated: "Because Congress has not provided a statute of limitations for civil rights actions brought under § 1983, federal courts adopt

the forum state's general personal injury limitations period." Citing *Owens v. Okure*, 488 U.S. 235 (1989) and *Piotrowski , supra.* The court also applies Texas state tolling provisions to determine whether the limitations period has expired. *Flores, supra,* p. 272.

Accrual Date

Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a), provides in pertinent part, as follows:

"Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues. (*Emphasis supplied*).

When the claim accrues is a matter of federal law. *Wallace v. Kato*, 127 S. Ct. 1091, 2095 (2007); *Burrell v. Newsome*, 883 F.2d 416 (5th Cir. 1989); *Watts v. Graves*, 720 F.2d 1416 (5th Cir, 1983); *Russell v. Board of Trustees*, 968 F.2d 489 (5th Cir. 1992).  As to the time of accrual of the cause of action, the lead case in this circuit is *Piotrowski*, *supra*, wherein the court stated, "Under federal law, the [limitations] period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Russell v. Board of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)("A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. *See also Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992)( "when the plaintiff knows that '(1) an injury has occurred; and (2) the identity of the person who inflicted the injury.'").

In this case, Roberts' own pleadings[4] affirmatively recite facts establishing the following time line of his claims against the defendants:

---

[4] Including his Complaint (ECF 3), his Brief/Memorandum in Support (ECF 6) and the Exhibits (ECF7) attached thereto and his answers to the Court's Questionnaire (ECF 9).

1. On June 15, 2010 his size EEE boots were taken away from him by Robertson.[5]
2. Physician Assistant Eastridge examined the Plaintiff on June 29, 2010, during which Roberts complained of low back pain caused by the absence of the boots and Eastridge refused to issue an order that would restore the boots to Roberts.[6]
3. Roberts filed his Step 1 grievance (#2010188813) on July 5, 2010 regarding the June 15 incident involving Robertson and the June 29, 2010 incident involving Eastridge.[7]
4. Roberts' Step 1 (#2010188813) grievance was denied July 3, 2010 by Norwood.[8]
5. Roberts filed his Step 2 (#201088813) grievance July 26, 2010.[9]
6. Roberts' Step 2 (#201088813) grievance was denied on September 7, 2010 by Norwood.[10]
7. Roberts filed his second Step 1 grievance (#2010224249) against Eastridge on August 25, 2010 complaining of Eastridge's refusal to issue a KOP for the ibuprofen pain medicine.[11]
8. Roberts' second Step 1 grievance (#201224249) was denied by Norwood on September 7, 2010.[12]
9. Roberts filed his Petition in Federal Court December 12, 2012.[13]

Based upon Roberts' own pleadings, I find that as of June 29, 2010, Roberts had knowledge of the personal injury damages he was sustaining as a result of the actions of Robertson in taking away his size 10½ EEE boots and by Eastridge's refusal enter a directive that would result in the restoration of the boots for Roberts' wearing. Accordingly, I find that as of July 29, 2008, Roberts knew the injury that is the basis of his claim and knew the identity of the person(s) who inflicted the injury. Accordingly, I find that Roberts' §1983 cause of action, if any, against Robertson accrued on June 15, 2010. I find that Roberts' cause of action, if any, against Eastridge for alleged injuries

---

[5] ECF 6, p.3.

[6] *Id.*

[7] *Id.*

[8] *Id.*, p.4.

[9] ECF 6-p. 18

[10] *Id.*, p. 19.

[11] Id., p. 112.

[12] *Id.*, p.113.

[13] ECF 3, p.1 file mark.

resulting from the taking away and denial to restore the boots and accrued on June 29, 2010. Further, Roberts' cause of action, if any, against Eastridge for his refusal to issue Roberts a KOP accrued on August 11, 2010.  Finally, I find that Roberts' §1983 cause of action, if any, against Norwood accrued on September 7, 2010, the date of his denial of Roberts' grievances against Robertson and Eastridge.

There is a recognized exception to the strict application of the statute of limitations. It is called the "continuing violation theory" or the "continuing tort doctrine." *See Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 443 (Tex. App. 1997).  But in *McGregor v. Louisiana State University*, 3 F.3d 850 (5th Cir. 1993), the Fifth Circuit declined to invoke the continuing violation theory saying, "the continuing violation theory only preserves claims based on acts outside of the prescriptive period if the plaintiff timely files a claim based on a present violation" and does not cover "a single violation followed by continuing consequences; only continuous unlawful acts can form the basis of a continuing violation." *Id*. 866-67. While Roberts kept on raising the issues with Robertson, Eastridge and Norwood, the incidents that led to the denial of boots to Roberts occurred on June 14 and June 29, 2010.  The incident regarding denial of KOP occurred on August 11, 2010. I conclude that all subsequent events complained of by Roberts were consequences of the original June 14, June 29 and August 11 incidents, decisions or alleged violations of Roberts' civil rights, not continuing torts within the "continuing violations theory."

Tolling the Limitations Period

Although Roberts failed to respond to the defendants' motions by raising any issue regarding the tolling of the statutory period by reason of the pendency of his prior invocation of state administrative remedies, I address that issue here.  Under the Prison Litigation Reform Act of 1995

(PLRA),[14] a prisoner is required to present his claim(s) regarding prison conditions to the state before proceeding in federal court. This mandates that the prisoner exhaust any administrative remedies made available by the state to address the prisoner's complaints. In *Booth v. Churner*, 532 U.S. 731, (2001), the Supreme Court held that Congress intended a prisoner to invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court. The state of Texas affords prisoners a grievance procedure through which a prisoner may obtain financial remedy for injuries sustained as a result of actions by prison officials. In *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) the court summarized the Texas grievance procedure as follows:

> "The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001)."

Indeed, in *Wright v. Hollingsworth*, the Court sustained the trial court's dismissal of the prisoner's § 1983 claim since he had failed to pursue step 2 of the Texas two step grievance procedure for prison inmates.

Because there is no specific federal law that governs tolling in § 1983 actions, the Supreme Court has instructed the federal courts that when they borrow the state limitations period, they should also borrow state tolling policy, so long as the state policy is not inconsistent with the policies underlying § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). While *Tomanio*

---

[14] 42 U.S.C. § 1997e.

addressed a situation where tolling did <u>not</u> apply since the state administrative remedy <u>did not</u> afford the requisite remedy, where the state <u>does</u> afford tolling during the pursuit of administrative remedies, tolling <u>does</u> apply to the subsequently filed § 1983 action. The Fifth Circuit has held because the PLRA requires a prisoner to first exhaust his administrative remedies a prisoner is entitled to equitable tolling of the applicable limitations period in civil rights cases filed pursuant to 42 U.S.C. § 1983. *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002); *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999).

<u>Application of Tolling Period</u>

As noted above, Roberts' causes of action against defendants Robertson and Eastridge accrued on June 15, 2010 and June 29, 2010 respectively and suit was filed on December 12, 2012, a period of two years and 166 days after the last accrual date. The period of the duration of Roberts' grievance against both Robertson and Eastridge was 64 days. Even then applying a tolling period of 64 days (*ie*. The period from the last denial of Roberts' second grievance with respect to the incident), the suit was nonetheless filed 102 days after the expiration of the limitations period. I conclude that, even applying the requisite tolling period, Roberts' § 1983 causes of action against Robertson and Eastridge are barred from consideration by this court due to the applicable statute of limitations.

Roberts' claims against Defendant Norwood arise out of his denial of Roberts' grievances against Robertson and Eastridge.[15] Norwood denied the grievances in the performance of his supervisory capacity as administrator of the medical unit at the prison. Roberts' pleadings make no claim against Defendant Norwood except by reason of his supervisory responsibilities over Eastridge. In *Ashcroft v. Iqbal*, 423 U.S. 362 (1976) the Supreme Court explicitly held that a

---

[15]   See ECF 6, pp. 2, 6, 13.

supervisory official's liability under §1983 cannot be based upon *respondeat superior*, but only upon the supervisor's own unconstitutional conduct. While supervisory liability can exist even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation,[16] the existence of a constitutionally deficient policy cannot be inferred from a single wrongful act.[17] In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specifically imposed upon him by state law. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). This Roberts has failed to do in his submissions in this court. The only affirmative act Roberts alleges Norwood committed is the denial of his two grievances against Robertson and Eastridge. Plaintiff did not allege any facts regarding a constitutionally deficient policy or in the implementation thereof. I find that Roberts' has failed to allege a plausible claim against Defendant Norwood. Furthermore, since the claims against Robertson and Eastridge are barred by limitations, Roberts' derivative supervisory claim against Norwood is barred by limitations as well. Finally, whether considered as a direct-personal-participation claim or as a derivative *respondeat superior* claim, Roberts' § 1983 cause of action against Defendant Norwood is barred by limitations.

---

[16] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987)*; Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916, 107 S. Ct. 1369, 94 L. Ed. 2d 686 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978)),

[17] *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).

Recommendation

Since I find that Roberts' claims, if any, are barred on their face by limitations, I conclude that under Rule 12(c) and 28 U.S.C. § 1995(e)(2)(B)(ii) Roberts has failed to state a claim upon which relief may be granted. Therefore, I recommend to the District Court that all of Roberts' claims against all of the Defendants be DISMISSED.

Standard Instruction to Litigants

A copy of this report containing findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 10th day of March, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE